Bonnie E. MacNaughton (SBN 107402)
James H. Wendell (*pro hac vice forthcoming*)
Sara A. Fairchild (*pro hac vice forthcoming*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone:    (206) 622-3150
Facsimile:     (206) 757-7700
Email:        bonniemacnaughton@dwt.com
              jamiewendell@dwt.com
              sarafairchild@dwt.com

Attorneys for Plaintiff Amazon.com, Inc.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, | Case No. 3:19-cv-3596 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| JOHN DOES 1–50, | |
| Defendants. | |

DAVIS WRIGHT TREMAINE LLP

1

# I.     INTRODUCTION

1.     Amazon.com, Inc. ("Amazon") is one of the world's most trusted brands. Defendants are engaged in a fraudulent scheme to impersonate Amazon in order to defraud victims.  Specifically, Defendants deceive victims into applying for fake customer service jobs with Amazon and then, as part of a phony training exercise, access victims' wireless accounts to make unauthorized purchases of cell phones.  Defendants' fraudulent scheme causes financial harm to their victims whose accounts are charged for the cell phones and damage to Amazon's reputation and brand.

2.     Defendants start by posting fake online advertisements for customer service jobs with Amazon.  In these advertisements, Defendants impersonate Amazon and offer fake positions with Amazon.  Among other tactics, Defendants use Amazon's trademarks, numerous false statements of affiliation with Amazon, and images of company leaders to deceive victims into applying for these fake positions.

3.     Once victims apply, Defendants guide them through an online "interview" process in which Defendants pose as an Amazon "HR Manager & Executive Assistant."  To further this fraud, Defendants use intentionally misleading email addresses, such as amazon.recruit@zoho.com, and email signature blocks that use Amazon's trademarks.

4.     After the interview, Defendants conduct a "training" exercise, which they tell victims is the last step before receiving a job with Amazon.  In actuality, Defendants use this training exercise to access victims' wireless accounts and place orders for thousands of dollars' worth of cell phones.  Defendants then instruct victims to reship these phones to addresses provided by Defendants.  Victims are told "Amazon" will reimburse them for the phones, but Defendants are not affiliated with Amazon and victims are left footing the bill.

5.     Amazon spends considerable resources to protect its reputation and the millions of people who have come to trust Amazon's name.  As part of its effort, Amazon investigates and takes action to help stop unlawful schemes that abuse Amazon's brand and harm the public. Amazon brings this lawsuit to stop Defendants' fraudulent scheme and hold them accountable for their actions.

DAVIS WRIGHT TREMAINE LLP

COMPLAINT

## II.   PARTIES

6.      Amazon is a Delaware corporation with its principal place of business in Seattle, Washington.  Through its subsidiaries, Amazon owns and operates the Amazon.com website and equivalent international websites.

7.      The true identities of John Does 1–50 are not presently known to Amazon.  On information and belief, Defendants are individuals and entities working in active concert to knowingly and willfully run the scheme alleged in this Complaint, including by using Amazon's trademarks and brand to deceive victims.

## III.   JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction over Amazon's claims for trademark infringement (15 U.S.C. § 1114), violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and trademark dilution (15 U.S.C. § 1125(c)) pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  The Court has jurisdiction over Amazon's claim under California's Anti-Phishing Act of 2005 (Cal. Bus. & Prof. Code § 22948) pursuant to 28 U.S.C. § 1367(a) because the claim arises from the same set of operative facts as Amazon's federal claims.

9.      The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to this District, and Amazon's claims arise from those activities.  On information and belief, Defendants intentionally conducted business with companies that are located in this District in order to establish, maintain, and use the online infrastructure necessary to perpetrate the scheme alleged in this Complaint. Defendants' contacts with this District were a necessary and critical part of this scheme, and Amazon's claims arise from Defendants' contacts with the District.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Amazon's claims occurred in the District, and Defendants are subject to personal jurisdiction in this district.

COMPLAINT

11.     Pursuant to Civil L.R. 3-2(d), intra-district assignment to the San Francisco Division is proper because a substantial part of the events or omissions which give rise to Amazon's claims occurred in the counties assigned to this division.

## IV.    FACTS

### A.    Amazon Is a Trusted Brand that Devotes Significant Resources to Combating Cybercriminals

12.     Amazon is a highly trusted brand that is inextricably linked with sales of innumerable products and services.

13.     Amazon has exclusive ownership of numerous U.S. trademark registrations and pending applications.  These trademarks are a critical component of consumers' ability to readily identify Amazon products and services.  Relevant to this case, the following trademarks and service marks (collectively "Amazon Trademarks") are being unlawfully used by Defendants:

| Mark | Registration No. (International Classes) |
|---|---|
| AMAZON | 2,657,226 (Int. Cl. 42) <br> 2,738,837 (Int. Cl. 38) <br> 2,738,838 (Int. Cl. 39) <br> 2,832,943 (Int. Cl. 35) <br> 2,857,590 (Int. Cl. 9) <br> 3,868,195 (Int. Cl. 45) <br> 4,171,964 (Int. Cl. 9) <br> 4,533,716 (Int. Cl. 2) <br> 4,656,529 (Int. Cl. 18) <br> 4,907,371 (Int. Cls. 35, 41, 42) <br> 5,102,687 (Int. Cl. 18) <br> 5,281,455 (Int. Cl. 36) |
| AMAZON.COM | 2,078,496 (Int. Cl. 42) <br> 2,167,345 (Int. Cl. 35) <br> 2,559,936 (Int. Cls. 35, 36, 42) <br> 2,633,281 (Int. Cl. 38) <br> 2,837,138 (Int. Cl. 35) <br> 2,903,561 (Int. Cls. 18, 28) <br> 3,411,872 (Int. Cl. 36) <br> 4,608,470 (Int. Cl. 45) |
| amazon | 4,171,965 (Int. Cl. 9) <br> 5,038,752 (Int. Cl. 25) |

DAVIS WRIGHT TREMAINE LLP

COMPLAINT

14.     The Amazon Trademarks have been used exclusively and continuously by Amazon, and have never been abandoned.  The above U.S. registrations for the Amazon Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  The registrations for the Amazon Trademarks constitute prima facie evidence of their validity and of Amazon's exclusive right to use the Amazon Trademarks pursuant to 15 U.S.C. § 1057(b).

15.     The Amazon Trademarks are distinctive when used with the products and services sold by Amazon, and signify to the purchaser that the products and services come from Amazon and meet Amazon's numerous quality standards.

16.     Amazon devotes significant resources to protecting people from cybercriminals and other bad actors who deceive victims into believing they are affiliated with Amazon.

17.     Amazon is one of the largest employers in the United States, and is constantly recruiting for a variety of positions.  Its growth in recent years, including its significant hiring efforts, has received widespread media attention.

18.     Through fake recruiting schemes like the one alleged in this case, cybercriminals attempt to exploit the public's awareness of Amazon's growth and the potential for employment opportunities with the company.

19.     Amazon is committed to holding Defendants accountable for their unlawful actions in order to prevent additional job-seekers from being wrongfully victimized.

**B.      Defendants Defraud Victims By Offering Fake Work at Home Positions with Amazon**

20.     Defendants operate a sophisticated recruiting scheme that exploits people's recognition of, and trust in, Amazon's brand.  The purpose of Defendants' scheme is to access victims' wireless accounts to purchase cell phones.  As discussed below, Defendants' scheme has three main phases, and during each phase Defendants impersonate Amazon.  Defendants' unlawful actions harm both Amazon and the numerous people who are victimized by Defendants' fraudulent use of Amazon's brand.

DAVIS WRIGHT TREMAINE LLP

5

1.     **Stage 1:  Defendants Use Fake Job Posts for Work-at-Home Positions with Amazon to Lure Victims**

21.     Defendants' scheme begins with fake advertisements for work at home positions with Amazon.  Defendants post these fake advertisements on numerous online job search websites.  For example, on information and belief, Defendants advertised on the website WorkAtHomeAds.us for a fake position with the title "Amazon Virtual Order Processing."

22.     In these advertisements, Defendants falsely claim to offer positions with Amazon. Defendants use the Amazon Trademarks, numerous false statements of affiliation with Amazon, and an image of a senior Amazon leader to deceive victims into applying for these fake positions.  Defendants have no affiliation with Amazon, have no authorization to use Amazon's brand, and are not recruiting for positions with Amazon.

23.     Among other advertisements, Defendants posted an advertisement on the job recruiting website StartUs (startus.cc) for an "Amazon Virtual Customer Service Associate."  A partial screenshot of the top portion of this advertisement is below, and a copy of the full advertisement is attached as Exhibit 1:



AMAZON VIRTUAL CUSTOMER SERVICE ASSOCIATE

Amazon is seeking articulate, strategic applicants with a desire to work directly with customers and drivers to make sure packages are delivered on time. Shipping and Delivery Support (SDS) is the heart of transportation across the Amazon Supply Chain network, supporting multiple regions such as US, CA, MX, UK, India, and many countries within EU. It ensures hassle-free, timely pick-up and delivery of freight from vendors to Amazon Fulfillment Centers (FC), carrier hubs, and customers. The SDS agent exemplifies the Amazon Customer Service goal to be Earth's most customer-centric company by solving driver and customer problems appearing throughout all delivery experiences. This unique role handles customer and driver contacts through different communication channels including phone, email, and chat. Demonstrated ownership, customer obsession, and concise oral and writing skills are crucial requirements for this role.

COMPLAINT

24.     As shown in the above advertisement, Defendants impersonate Amazon. Defendants' advertisement claims that "Amazon is seeking" applicants.  It also contains numerous false statements about Defendants' connection to Amazon.  Further, the end of the advertisement is signed "Amazon Inc.," uses a genuine corporate address for Amazon, and lists Amazon's actual website (amazon.com).

25.     Defendants created their fake advertisements by copying significant portions of the content from Amazon's genuine listing for a customer service associate position.  On information and belief, Defendants copied Amazon's genuine listing to make their listing appear real and to increase the likelihood that victims apply for the position.

26.     Defendants also added content to their fraudulent listing that was not contained in Amazon's genuine listing.  For example, Defendants added the image of a senior Amazon leader to the top of their advertisement.  They also increased the advertised pay for the job to "$25/hour and fulltime $40/hr with performance-based bonuses and incentives."  Defendants even claimed that employees receive a "40% discount on products we sell."  On information and belief, Defendants also copied positive reviews posted about Amazon from the job search website Indeed.com.  On information and belief, Defendants added this content to further entice victims to apply for Defendants' fake position.

**2.      Stage 2:  Defendants Use a Phony Interview Process to Deceive Victims**

27.     Victims who apply for Defendants' fake Amazon position receive an initial email thanking them for applying and inviting them to an "email webinar interview."

28.     Defendants intentionally design their emails to appear as if they come from Amazon.  Among other tactics, the "from" field states the sender is "Amazon HR."  Defendants also sign the emails as fictitious Amazon employees.  Specifically, Defendants use the names Julie L. Thompson and Christine L. Wolf, who Defendants claim are each an "HR Manager & Executive Assistant" with "Amazon, Inc."  Defendants also use the Amazon Trademarks in their emails to further deceive victims into believing the emails are sent by Amazon.  For example, below are two screenshots of signatures from emails Defendants sent to victims:

COMPLAINT

29.     As shown in the above signature blocks, Defendants use intentionally misleading email addresses to communicate with victims, such as amazon.recruityou@zoho.com, amazon.recruit@zoho.com, and amazon.employ@zoho.com.  These email addresses use Amazon's name to further deceive victims into believing they are from Amazon.  Defendants created these email addresses with the company Zoho Corporation (zoho.com) and used Zoho's California-based infrastructure to send emails to victims.  Zoho provides web-based business applications and email services, and has an office in Pleasanton, California.

30.     Defendants use VPN, RDP, and similar tools[1] to send at least some of the emails in this scheme.  One of the purposes of using these tools is to hide the IP address connected to Defendants' physical location, which makes it harder to identify Defendants.

31.     For example, Defendants emailed a victim from the email address amazon.recruityou@zoho.com on January 23, 2019 at 17:01:48 -0800 (PST).  This email was initiated from IP address 199.116.119.7, which is used by the company Total Server Solutions, LLC, and is likely connected to a VPN, RDP, or similar tool used by Defendants.

---

[1] VPNs (Virtual Private Networks) and RDPs (Remote Desktop Protocols) work differently but, among other things, allow users to connect to and operate from a remote server (i.e., a server that is not physically located at a user's location).

COMPLAINT

32.     As another example, in February 2019, Defendants initiated multiple emails from both amazon.recruityou@zoho.com and amazon.recruit@zoho.com using IP address 185.244.215.100, which is used by the company M247 in its U.S.-based datacenter, and is likely connected to a VPN, RDP, or similar tool used by Defendants.

33.     When victims respond to Defendants' initial invitation to participate in an "email interview," Defendants email them two sets of questions in separate emails.  The first email asks victims to respond to ten basic prompts, such as "Tell me about yourself" and "Describe your ability to resolve conflict."  After victims respond, Defendants pose another series of ten prompts, such as "Would you describe yourself as a people person?" and "What's our mission?"

34.     On information and belief, Defendants use these "interview" questions as a further means to deceive victims into believing they are participating in a genuine job interview with Amazon, and to further screen victims before defrauding them.

### 3.     Stage 3:  Defendants Conduct a Fake Training Exercise to Defraud Victims

35.     After the "interview," Defendants transition victims into a "training" exercise during which Defendants purchase cell phones from victims' wireless accounts.

36.     Upon completing the interview, victims receive an email from Defendants with the subject "WELCOME ON BOARD!"  In this email, Defendants claim that the victims "will need to undergo a little more training" in order to start working for Amazon.  A screenshot of a version of this email is below (with the victim information redacted for privacy):

*[Image on following page]*

DAVIS WRIGHT TREMAINE LLP

9

COMPLAINT

-------- Original Message --------
**Subject:** WELCOME ON BOARD!
   **Date:** 2019-01-28 20:26
   **From:** AMAZON HR <amazon.employ@zoho.com>
      **To:**
**Reply-To:** amazon.employ@zoho.com

Dear         ,

 Welcome on board! I think you possess a combination of skills and experience that make you stand out from the crowd. The personality test shows that, you can do the work and deliver exceptional results.

 However, you will need to undergo a little training process to confirm you can fit in perfectly and be a great addition to the team.

 If you agree, please reply to this email and I?ll [send you the assignment along with guidelines.] Also, feel free to reach out if you have any questions.

Looking forward to hearing back from you!

**amazon**    Christine L. Wolf
HR Manager & Executive Assistant | AMAZON Inc. | Staffing

E: amazon.employ@zoho.com
A: Customer Service PO Box 81226 Seattle, WA 98108-1226
www.amazon.com

37.        Defendants then send a follow-up email in which they attempt to collect a copy of the victims' identification by claiming they are "required to see original documents in order to confirm [the victims'] eligibility to work in the country."

38.        In that same email, Defendants also describe in more detail the "training process" the victims will undergo.  Defendants tell the victims that the "training" is "an assignment/tests [sic] that simulates some of the job duties."  Because Defendants are recruiting for fake customer service positions, Defendants stage their training exercise as helping a customer process an order.

39.        Defendants coordinate the training using services provided by a company called Zendesk, Inc., which is headquartered in San Francisco and provides customer service and engagement products.[2]  Defendants registered an account with Zendesk called "AMAZON" or "Amazon Jobs."  From this account, Defendants email victims using email addresses at the domain @amazonjob.zendesk.com.  That domain also hosts a website that uses the Amazon Trademarks as part of Defendants' scheme, a screenshot of which is below:

_____
[2] Defendants also communicated about this process via text message from the number 979-353-6115, which was controlled by TextPlus, Inc. and is now controlled by Inteliquent, Inc.

COMPLAINT

DAVIS WRIGHT TREMAINE LLP



40.     Using an email address at the domain @amazonjob.zendesk.com, Defendants tell victims the first step in the training exercise is for the victim to "integrate" his or her wireless phone account (e.g., Verizon, AT&T, etc.) with the Defendants' account (an account victims believe is connected to Amazon).  To accomplish this task, Defendants solicit the victims' account credentials.  Defendants deceive victims into providing this information by claiming it is a necessary step in the process to obtain a job at Amazon.  No "integration" takes place, and this is merely a means for Defendants to obtain access to the victims' accounts.

41.     With the victims' account credentials, Defendants login to the victims' wireless accounts and purchase cell phones through the victims' accounts.  Defendants tell the victims that the purchase amount will be reimbursed by Amazon at the end of the training exercise.  This is false because the victims are never reimbursed.

42.     After purchasing the phones, Defendants instruct the victims to help complete the transaction in order to demonstrate the victims' ability to perform the duties required for a customer service position at Amazon.  Among other things, Defendants instruct the victims to contact their wireless carrier to ensure the carrier processes the transaction.  Defendants also tell the victims to ship the phones to a specific address once the victims receive them.

43.     On information and belief, the phones purchased from victims' accounts are eventually shipped to Defendants.

COMPLAINT

# V.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Violations of California's Anti-Phishing Act of 2005 (Cal. Bus. & Prof. Code § 22948)

44.    Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

45.    Amazon owns the Amazon Trademarks as well as numerous websites, such as amazon.com.

46.    Defendants impersonate Amazon by explicitly representing themselves as working for Amazon, including using the Amazon Trademarks, numerous false statements about their purported affiliation with Amazon, and images of senior Amazon leaders.  Defendants impersonate Amazon in electronic mail messages, web pages, and various other methods and means over the Internet, as described above.

47.    In these same electronic mail messages, web pages, and uses of the Internet, where Defendants impersonate Amazon, Defendants solicit, request, and take action to induce victims to provide identifying information, including passwords to victims' wireless accounts, that can be used to purchase goods and services.

48.    As a result of Defendants' wrongful conduct, Amazon is entitled to recover the greater of its actual damages or $500,000.  Further, Amazon seeks treble damages based on Defendants' clear pattern and practice of using the Amazon Trademarks to solicit, request, or induce victims to supply identifying information.

49.     Amazon seeks its attorneys' fees and costs for bringing this action, as allowed by law.

## SECOND CAUSE OF ACTION

### Trademark Infringement (15 U.S.C. § 1114)

50.    Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

51.    Defendants' activities infringe the Amazon Trademarks.

DAVIS WRIGHT TREMAINE LLP

COMPLAINT

52.     Amazon advertises, markets, and distributes its products and services using the Amazon Trademarks, and uses these trademarks to distinguish its products and services from the products and services of others in the same or related fields.

53.     Because of Amazon's long, continuous, and exclusive use of the Amazon Trademarks, they have come to mean, and are understood by customers, users, and the public to signify, products and services from Amazon.

54.     Defendants use the Amazon Trademarks in their job advertisements, in their emails when communicating with victims, and on their websites—all of which occurs in commerce in a manner that is likely to cause confusion, mistake, or deception as to source, origin, or authenticity of Defendants' advertisements, emails, and websites.

55.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that Defendants' advertisements, emails, and websites originate with or are sponsored or authorized by Amazon, thereby harming Amazon and the public.

56.     At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, their authority to use the Amazon Trademarks and the confusion that the use of those trademarks had on consumers as to the source, sponsorship, affiliation, or approval by Amazon of Defendants' advertisements, emails, and websites.

57.     Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

58.     As a result of Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117(a)–(b).  The amount of money due from Defendants to Amazon is unknown to Amazon and cannot be ascertained without a detailed accounting by Defendants.  Alternatively, Amazon is entitled to statutory damages under 15 U.S.C. § 1117(c).

59.     Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below.  Amazon has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Amazon Trademarks are unique and valuable property; (b) in

COMPLAINT

1   addition to the significant harm Defendants have caused to innocent job-seekers, Defendants'

2   infringement constitutes harm to Amazon's reputation and goodwill such that Amazon could not

3   be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to

4   continue, the public is likely to become further confused, mistaken, or deceived as to the source,

5   origin, or authenticity of the infringing advertisements, emails, and websites; and (d)

6   Defendants' wrongful conduct, and the resulting harm to Amazon, is continuing.

7   

**THIRD CAUSE OF ACTION**

8   **False Designation of Origin, False Association or Sponsorship, and False Advertising**
**(15 U.S.C. § 1125(a))**

9   

10         60.    Amazon incorporates by reference the factual allegations contained in Sections I–

11   IV as though set forth herein.

12         61.    Amazon advertises, markets, and distributes its products and services using the

13   Amazon Trademarks, and it uses these trademarks to distinguish its products and services from

14   the products and services of others in the same or related fields.

15         62.    Because of Amazon's long, continuous, and exclusive use of the Amazon

16   Trademarks, they have come to mean, and are understood by customers, end users, and the

17   public to signify products and services from Amazon.

18         63.    Amazon has also designed distinctive and aesthetically pleasing displays, logos,

19   icons, and graphic images (collectively, "Amazon designs") for its websites.

20         64.    Defendants' wrongful conduct includes the use of Amazon's Trademarks, name,

21   and/or imitation designs (specifically displays, logos, icons, and/or graphic designs virtually

22   indistinguishable from the Amazon designs) in connection with Defendants' commercial

23   advertising or promotion.

24         65.    Defendants have used, and continue to use, Amazon's Trademarks, name, and/or

25   imitation designs to deceive people who view their advertisements, emails, and webpages.  On

26   information and belief, Defendants' wrongful conduct misleads and confuses those people as to

27   the origin and authenticity of the goods and services advertised, marketed, offered, or distributed

28   in connection with Amazon's Trademarks, name, and imitation visual designs, and wrongfully

DAVIS WRIGHT TREMAINE LLP

14

COMPLAINT

DAVIS WRIGHT TREMAINE LLP

trades upon Amazon's goodwill and business reputation.  Defendants' conduct constitutes: (a) false designation of origin; (b) false association, affiliation, connection, sponsorship or approval; and (c) false advertising—all in violation of 15 U.S.C. § 1125(a).

66.     Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.     Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

68.     Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below.  In addition to the significant harm Defendants have caused to innocent job-seekers, Defendants' acts have caused irreparable injury to Amazon.  The injury to Amazon is, and continues to be, ongoing and irreparable.  An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

69.     As a result of Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, Defendants' profits, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117(a).  The amount of money due from Defendants to Amazon is unknown to Amazon and cannot be ascertained without a detailed accounting by Defendants.

## FOURTH CAUSE OF ACTION

### Trademark Dilution (15 U.S.C. § 1125(c))

70.     Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

71.     Amazon has exclusively and continuously promoted and used the Amazon Trademarks.  As one of the world's most well-known technology companies, the Amazon Trademarks have become famous, distinctive, and well-known symbols of Amazon—well before Defendants began using the Amazon Trademarks in association with their goods or services unaffiliated with Amazon through the Defendants' illegal use and infringement of the Amazon Trademarks.

72.     Defendants' actions—including, but not limited to, their unauthorized use of the Amazon Trademarks in commerce to deceive users into believing Defendants' advertisements, emails, and websites are affiliated with Amazon—are likely to cause dilution of the Amazon Trademarks by blurring and tarnishment in violation of 15 U.S.C. § 1125(c).

73.     As a result of Defendants' willful conduct, Amazon is entitled to recover its actual damages, Defendants' profits, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

74.     Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below.  In addition to the significant harm Defendants have caused to innocent job-seekers, Defendants' acts have caused irreparable injury to Amazon.  The injury to Amazon is and continues to be ongoing and irreparable.  An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully prays for the following relief:

A.      That the Court enter judgment in favor of Amazon on all claims;

B.      That the Court issue an order permanently enjoining Defendants, their officers, agents, representatives, employees, successors and assigns, and all others in active concert or participation with them, from:

      (i)     Using the Amazon Trademarks in connection with any employment opportunity or sale of goods or services;

      (ii)    Registering or using domains that include, are confusingly similar to, or dilutive of, the Amazon Trademarks;

      (iii)   Using any other indication of Amazon's brand in connection with any employment opportunity or sale of goods or services;

      (iv)    Making any statement of an affiliation or connection to Amazon; or

      (v)     Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in the subparagraphs above;

DAVIS WRIGHT TREMAINE LLP

COMPLAINT

C.      That the Court enter an order requiring Defendants to provide Amazon a full and complete accounting of all gross and net proceeds unlawfully earned from innocent job-seekers, including an identification of those victims;

D.      That Defendants be required to pay the greater of Amazon's actual damages or $500,000 for violations of Cal. Bus. & Prof. Code § 22948;

E.      That Defendants' profits from the unlawful conduct alleged in this Complaint be disgorged pursuant to 15 U.S.C. § 1117(a);

F.      That Defendants be required to pay all actual damages which Amazon has sustained, or will sustain, as a consequence of Defendants' unlawful acts, and that such damages be trebled as provided for by 15 U.S.C. § 1117(a)–(b), or otherwise allowed by law;

G.      That, instead of actual damages, Defendants be required to pay the maximum amount of statutory damages for their infringement of the Amazon Trademarks pursuant to 15 U.S.C. § 1117(c);

H.      As this is an exceptional case, that Defendants be required to pay the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, Cal. Bus. & Prof. Code § 22948, or otherwise by law; and

I.      That the Court grant Amazon such other, further, and additional relief as the Court deems just and equitable.

DATED: June 20, 2019                          Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Bonnie E. MacNaughton*
    Bonnie E. MacNaughton (SBN 107402)
    James H. Wendell (*pro hac vice forthcoming*)
    Sara A. Fairchild (*pro hac vice forthcoming*)
    DAVIS WRIGHT TREMAINE LLP
    920 Fifth Avenue, Suite 3300
    Seattle, Washington 98104
    Telephone:   (206) 622-3150
    Facsimile:   (206) 757-7700
    Email:   bonniemacnaughton@dwt.com
             jamiewendell@dwt.com
             sarafairchild@dwt.com

    Attorneys for Plaintiff
    Amazon.com, Inc.

COMPLAINT

17

**EXHIBIT 1**

## AMAZON VIRTUAL CUSTOMER SERVICE

Amazon, Amazon | New York

Employment type:

Full time, Part time

Years of experience:

3 - 5 years

? Go back



Apply

Bookmark job

customer service

SIMILAR JOBS

Customer Success Manager

Customer Happiness Manager (w/m/d), Berlin

Responsable Service Client (H/F) - Customer Service Manager (M/F)

Transactional Buyer

Customer Service Specialist - Spanish (part-time)

This site uses cookies to ensure you get the best experience on our website.   More information   OK



## AMAZON VIRTUAL CUSTOMER SERVICE

Amazon is seeking articulate, strategic applicants with a desire to work directly with customers and drivers to make sure packages are delivered on time. Shipping and Delivery Support (SDS) is the heart of transportation across the Amazon Supply Chain network, supporting multiple regions such as US, CA, MX, UK, India, and many countries within EU. It ensures hassle-free, timely pick-up and delivery of freight from vendors to Amazon Fulfillment Centers (FC), carrier hubs, and customers. The SDS agent exemplifies the Amazon Customer Service goal to be Earth's most customer-centric company by solving driver and customer problems appearing throughout all delivery experiences. This unique role handles customer and driver contacts through different communication channels including phone, email, and chat. Demonstrated ownership, customer obsession, and concise oral and writing skills are crucial requirements for this role.

  What is a Seasonal position in Virtual Customer Service?
Seasonal employees may remain with Amazon in a temporary capacity for up to nine months, or a shorter period of time depending on business need. There may also be opportunities for regular long-term employment based on business needs and performance. Virtual Customer Service (VCS) is open 24 hours per day, 7 days a week. Being able to work a full-time (40 hours per week) schedule that falls within our operating hours is required and expected. This particular role may require a schedule that includes daytime, evening, overnight, early morning, and/or weekend hours. Schedule flexibility will be required and expected for this position. There may be at times mandatory overtime, based on business needs. Associates may work up to, but no more than 60 hours a week. Working hours for all staff increase substantially during our Peak Seasons in order to support our customers

PREFERRED QUALIFICATIONS;

- Must be 21 or older.
-High School Diploma or equivalent.
-Fluent English language proficiency required.
-Strong typing, phone, and computer navigation skills.
-Ability to participate and complete mandatory training (this schedule may be different from your  production schedule upon hiring).
- Process orders and resolve issues according to procedure.

This site uses cookies to ensure you get the best experience on our website.   More information   OK

- Exude patience and ownership with each customer.
- Ability to resolve conflicts and set appropriate expectations with customers.
- Relationship-Builder
- Postpaid carrier.
-Ability to empathize with and prioritize customer needs.
- 2+ year in a service environment dealing with the public.
- Desire to continually learn

TECHNICAL REQUIREMENT:

-You will be shipped an Amazon owned laptop, headset, and Ethernet adaptor, and two security tokens to the address provided in your application.

-When applying, please be sure to verify that your mailing address in our system is an address where you can receive equipment to ensure that there are not delays in receiving your equipment. Make sure you add the apartment number (if any). PO Boxes are not supported and we must have a physical address for you to receive your equipment.

-A minimum of 10 mbps download and 5 mbps upload speed from a reliable internet provider only!

BENEFITS:

- The hourly pay of amazon home-based part time customer service rep is about $25/hour and fulltime $40/hr with performance-based bonuses and incentives. Hours may vary and both full- and part-time agents may be required to work shifts that include days, afternoons, evenings, weekends, and occasionally over time.
- 40% discount on products we sell.
- Amazon's free Employee Assistance Program provides confidential 24/7 support, resources and referrals for every aspect of work and personal life.
- Amazon's 401(k) plan provides you an opportunity to defer compensation for your long-term savings and includes a company match. The plan offers a variety of investment options to help you reach your financial goals.
- Regular time away from work is essential for employees to recharge and renew. Employees earn paid time off in addition to company paid holidays.

 Overall Amazon is a high performing company that has great opportunity to advance your career if you are able to sacrifice everything else for the sake of the business. The compensation and benefits package is great and the stock is an awesome cherry on top but you will work for that comp package.

AMAZON Inc.

P O BOX 81226, SEATTLE, WA 98108-1226

WWW.AMAZON.COM

This site uses cookies to ensure you get the best experience on our website.   More information   OK

This site uses cookies to ensure you get the best experience on our website. More information   OK